FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 11 2019 ★
BROOKLYN OFFICE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHELLE T. ISHIKAWA, ON BEHALF OF HERSELF :
AND ALL OTHERS SIMILARLY SITUATED, :
:
Plaintiff, :  **ORDER**
:  17-CV-6841 (WFK) (JO)
v. :
:
NATIONAL ENTERPRISE SYSTEMS, INC., :
:
Defendant. :
-------------------------------------------------------------X
**WILLAM F. KUNTZ, II, United States District Judge:**

Pending before this Court is Defendant's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 17. The Court assumes the parties' familiarity with the allegations in the Complaint, assumed true for purposes of this motion.

On December 12, 2017, plaintiff Michelle T. Ishikawa, on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), filed a Complaint against National Enterprise Systems, Inc. ("Defendant"), which operates as a debt collector. *See* ECF No. 8 ("Compl."). In the Complaint, Plaintiffs allege that Defendant engaged in abusive, deceptive, and misleading debt collection practices in violation of the Fair Debt Collection Act, or FDCPA, codified at 15 U.S.C. § 1692 *et seq.* Specifically, the Complaint alleges plaintiff Michelle Ishikawa received a debt collection letter from Defendant, seeking to collect a debt of $22,306.30 owed to original creditor National Collegiate Student Loan Trust 2007-3 in connection with a student loan. The letter also stated "[b]ecause of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater." Because in Plaintiffs' view, the letter "did not set forth what Ishikawa would need to pay to resolve the debt at any given moment in the future, and/or did not set forth a clear explanation of the interest that would cause the 'balance' to

increase," the letter "did not set forth the amount of the 'debt,'" and therefore violated the FDCPA. The Complaint includes three causes of action, all arising under the FDCPA. The Complaint also includes class action allegations pursuant to Federal Rule of Civil Procedure 23 and defines the purported class as "all natural persons [] who received a letter from [Defendant] dated between July 13, 2016 and the present to collect a past due debt, [] in a form materially identical or substantially similar to Exhibit A." The Complaint requests statutory damages, costs, and attorney's fees.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is decided in the same manner as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Although courts must accept well-pleaded factual allegations in a Complaint as true for purposes of a motion for judgment on the pleadings, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law. *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Local 537*, 47 F.3d 14, 16 (2d Cir. 1995).

Upon careful review of the motion papers, *see* ECF Nos. 17-22, the Court finds as a matter of law, Plaintiff's claims must be dismissed because the debt collection letter accurately states the amount of her debt and is not deceptive. "[T]he FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." in *Avila v. Riexinger & Assoc., LLC*, 817 F.3d 72, 76 (2d Cir. 2016). In *Avila*, the Second Circuit approved "safe harbor" language from a Seventh Circuit case on § 1692g(a)(1), holding that the language would also be sufficient to protect the debt collector under § 1692e. That safe-harbor language states as follows:

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Id.* at 77 (quoting Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000) ). Plaintiff's claims are based on the "safe harbor" Defendant's letter stated in pertinent part as follows:

> As of the date of this letter, you owe $2,815.60. Because of interest charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay $2,815.60, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

The language is virtually identical to language the safe harbor language the Second Circuit in *Avila* expressly adopted as complying with the FDCPA's requirement to provide the amount of debt in a collection letter. The cases upon which Plaintiff relies are without merit, as none of them have changed *Avila*'s core holding that a debt collector may comply with the FDCPA by following the formula of the safe harbor language. *See, e.g., Taubenfligel v. EGS Financial Care, Inc.*, 18-CV-1962, 2018 WL 3079697, at *4 (E.D.N.Y. 2018) (Ross, J.), *aff'd*, No. 18-2208, 2019 WL 1499856 (2d Cir. Apri. 4, 2019). Plaintiff has not pointed to any reason why this language is insufficient to immunize Defendant from liability as discussed above. Accordingly, the Court finds dismissal is warranted under Second Circuit authority.

The Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 17 and to close this case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2019
       Brooklyn, New York